IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LEATHA MEEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 10-3440-CV-S-JCE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on

1

the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).   When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

<u>Discussion</u>

Plaintiff was born March 9, 1973, and alleged a disability beginning January 12, 2007. The alleged disability was a result of multiple sclerosis and depression. Her past employment includes cashier, checker, fast food worker and medical laboratory technician.

It was the finding of the ALJ that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since January 12, 2007, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*)

3. The claimant has the following combination of impairments which is severe: anxiety-related disorder; affective disorder; personality disorder; and mild obesity (20 CFR 404.1520( c) and 416.920 ( c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals on of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of all exertional levels of work as defined in 20 CFR 404.1567(b) and 416.967(b). She has no limitation in the ability to understand and remember simple instructions, and no more than mild limitations in the ability to carry out simple instructions. She has no limitation in the ability to understand complex instructions, but would have marked limitations in the ability to remember and carry out complex instructions. She has no limitations in the ability to understand SVP 3-4 or detailed instructions, but would require memory joggers to remember them and carry them out. Thus, her limitations would be more than mild, but less than marked. She has no more than mild limitation in the ability to make judgments on simple work-related decisions. The claimant is unable to work in a joint decision-making process. She is unable to work in a job that involves direct contact with the public. Any contact with co-workers and supervisors should be brief. She can respond to simple changes in simple work and in the work environment.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

3

7. The claimant was born on March 9, 1973, and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills ( See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 12, 2007 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Plaintiff asserts that the ALJ erred by not explaining the basis on the record for the Residual Functional Capacity (RFC) calculations; by failing to give controlling weight to her treating psychiatrist and psychologist, and by failing to conduct a proper credibility analysis.

In formulating an RFC, the ALJ is obligated to consider all credible evidence of record. In this case, he properly weighed the opinions of plaintiff's treating psychiatrist and psychologist. He contrasted those findings with extensive evaluations performed at the Mayo Clinic. Because there appeared to be some conflict between the findings at the Mayo Clinic and those of the treating psychiatrist and psychologist, a consultative opinion was sought from Steven T. Akeson, Psy.D. His opinions were more consistent with the evaluations at the Mayo Clinic.

In assessing plaintiff's credibility, a proper analysis, with the framework set forth in

4

*Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), was performed. The ALJ noted that plaintiff's initial allegation of disability was based, in part, upon multiple sclerosis, a condition which was ultimately determined did not exist. He also considered her reaction to the fact that she did not suffer from a physical illness. The record indicates that she became agitated, in part, because of the desire not to return to work. He also considered her daily activities, as well as periods of noncompliance with recommended medical care and the absence of significant treatment for her alleged mental illness. He noted that she had intermittently taken psychotropic medications and had functioned well, completing two associate's degrees, which resulted in a job as a laboratory technician.

The RFC reflected the opinions stated herein, and the hypothetical posed to the vocational expert sufficiently set forth plaintiff's limitations.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet her burden of proving that she has an impairment that precludes her from engaging in substantial gainful activity. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

    /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: March 19, 2012